```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANDREW C. MALETTA,

       Plaintiff,

v.                              Case No: 2:20-cv-1004-JES-MRM

DAVID WOODLE and FREDERICK
J. LANGDON,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion for Sanctions Pursuant to 11(c) of th [sic] Feederal [sic] Rule of Civil Procedure (Doc. #34) filed on May 24, 2021. Plaintiff filed a Response (Doc. #37) on June 7, 2021. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Andrew Maletta and his wife Polly initiated this matter in December 2020 and filed an Amended Complaint (Doc. #21) in March 2021 against defendants David Woodle and Frederick J. Langdon. The Amened Complaint alleged the parties were all owners or tenants of properties located in the RiverBend Motorcoach Resort (RiverBend) in LaBelle, Florida. (Id. ¶¶ 8-10.) The Amended Complaint further alleged that defendants authored and published a document, the "Cancer on our Resort Letter," in which defendants

accused Andrew Maletta of "ferment[ing] discord and dissent" in the community. (Doc. #21, ¶¶ 22-24; Doc. #1-1, p. 1.) The document contains a list of twenty-one past instances of "behavioral issues" by "the owner in question," relating to physical and legal threats, libelous statements, and accusations against other RiverBend owners. (Doc. #1-1, pp. 1-2.) The letter concludes as follows:

> The owner in question is Andrew Maletta on lot 50. He has been spoken to at length over the years by various people over his continued disruptive behavior and its effect on the community to no avail. The disharmony caused by this behavior affects the appeal of the resort and that in turn likely depresses our property values. We trust most of us can look past his sponsorship of the Margarita parties . . . three time [sic] a season as a naked attempt to curry favor with the uninformed. We will no longer be in this category and urge all to consider this letter. Please assist the undersigned in either no longer condoning this behavior or encouraging him to move on to somewhere that it may be welcome. Each of the undersigned is happy to discuss the contents of this letter with anyone.

(Id. p. 2.) The letter contains approximately a hundred signatures, presumably all RiverBend owners or tenants. (Id. pp. 2-4.)

The Amended Complaint asserted five claims against both defendants: (1) defamation; (2) defamation per se; (3) invasion of privacy; (4) intentional infliction of emotion of distress (IIED); and (5) civil conspiracy. (Doc. #21, pp. 6-13.) Each of the claims were asserted on behalf of plaintiff and Polly. (Id.)

On March 29, 2021, defendants filed a motion seeking to dismiss each of the claims as insufficiently pled or,

2

alternatively, to strike the Amended Complaint's request for punitive damages and attorney's fees. (Doc. #27.) On May 11, 2021, the motion was granted in part and denied in part. (Doc. #32.) Specifically, the Court (1) dismissed the invasion of privacy and IIED claims with prejudice as to both plaintiff and Polly, (2) dismissed the civil conspiracy claim without prejudice and with leave to amend as to both plaintiff and Polly, and (3) dismissed the defamation and defamation per se claims with prejudice as to Polly. (Id. pp. 19-20.) The motion was otherwise denied. (Id. p. 20.)

On May 18, 2021, plaintiff filed a Second Amended Complaint containing essentially the same factual allegations as those in the prior version. (Doc. #33.) However, the Second Amended Complaint removed Polly as a party and only pleads two claims on behalf of plaintiff: (1) defamation and (2) defamation per se. (Id. pp. 6-9.)

On May 24, 2021, defendants filed the motion for sanctions currently before the Court. (Doc. #34.) The motion, which is less than three pages long, was drafted at the same time as defendants' prior motion to dismiss and seeks attorney's fees "incurred for having to defend against the PLAINTIFFS' claims." (Id. pp. 2-3.)

3

**II.**

**A. Legal Standards**

"Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation and marks omitted).

> Rule 11 does not change the liberal notice pleading regime of the federal courts or the requirement of Fed. R. Civ. P. 8, which demands only a "short and plain statement of the claim." The rule does not require that pleadings allege all material facts or the exact articulation of the legal theories upon which the case will be based. The reasonable inquiry standard of Rule 11 does not preclude plaintiffs from establishing the merits of claims through discovery. Nor is Rule 11 intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law.

Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987).

In evaluating Rule 11 sanctions, the Court considers "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

**B. Analysis**

Defendants motion seeks attorney's fees "pursuant to Rule 11(c), Fla. Stat. (2010) [sic]." (Doc. #34, p. 1.) Using their prior motion to dismiss as support, defendants argue they are entitled to attorney's fees because the claims in the Amended Complaint were "all in bad faith and are all meritless."[1] (Id. p. 1.) Defendants also note that "neither the law nor material facts" support the claims. (Id. p. 2.) The Court disagrees.

As noted, Rule 11 sanctions are appropriate "when the party files a pleading in bad faith for an improper purpose." McGreal, 87 F.3d at 1254. While defendants state generally that the Amended Complaint's claims "are all in bad faith" (Doc. #34, p. 1), they provide no further argument or explanation as to why. The Court finds this general assertion insufficient to demonstrate bad faith or why Rule 11 sanctions are proper. See N.L.R.B. v. McClain of Ga., Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

Regarding defendants' assertion that all of the claims in the Amended Complaint were meritless, the Court obviously disagrees as

---

[1] While the motion does not specifically cite the Amended Complaint, it is clear that is the pleading being referenced given the motion (1) refers to Polly as a plaintiff and (2) was served on opposing counsel on the same day as the prior motion to dismiss. (Doc. #34, pp. 1, 3.)

5

it specifically determined the defamation and defamation per se claims were sufficiently pled as to plaintiff.  (Doc. #32, pp. 5-9); see Baker, 158 F.3d at 524 ("Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." (footnote omitted)).  While the Court did dismiss the other three claims, it cannot say they were "objectively frivolous" so as to merit Rule 11 sanctions.  See Yantiss v. Smigelski, Jr., 2013 WL 12161597, *1 (M.D. Fla. Aug. 28, 2013) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." (citation omitted)).

Accordingly, it is now

**ORDERED**:

Defendants' Motion for Sanctions Pursuant to 11(c) of th [sic] Feederal [sic] Rule of Civil Procedure (Doc. #34) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 10th day of June, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record