UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW C. MALETTA,

    Plaintiff,

v.                              Case No: 2:20-cv-1004-JES-MRM

DAVID WOODLE and FREDERICK
J. LANGDON,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to Add Indispensable Parties (Doc. #35) filed on June 1, 2021. Plaintiff filed an untimely Response in Opposition (Doc. #41) on June 25, 2021. For the reasons set forth below, the motion is denied.

**I.**

The operative pleading is plaintiff Andrew Maletta's Second Amended Complaint (Doc. #33) filed on May 18, 2021 against defendants David Woodle and Frederick J. Langdon (collectively Defendants). The Second Amended Complaint alleges the parties are all owners or tenants of properties located in the RiverBend Motorcoach Resort (RiverBend) in LaBelle, Florida. (Id. ¶¶ 7-9.) The Second Amended Complaint further alleges that Defendants

authored and published a document entitled the "Cancer on our Resort Letter" in which Defendants accused plaintiff of "ferment[ing] discord and dissent" in the community. (Id. ¶¶ 21-23; Doc. #1-1, p. 1.)[1]  The document contains a list of twenty-one past instances of "behavioral issues" by "the owner in question," relating to physical and legal threats, libelous statements, and accusations against other RiverBend owners.  (Doc. #1-1, pp. 1-2.)  The letter concludes

> The owner in question is Andrew Maletta on lot 50. He has been spoken to at length over the years by various people over his continued disruptive behavior and its effect on the community to no avail. The disharmony caused by this behavior affects the appeal of the resort and that in turn likely depresses our property values. We trust most of us can look past his sponsorship of the Margarita parties . . . three time [sic] a season as a naked attempt to curry favor with the uninformed. We will no longer be in this category and urge all to consider this letter. Please assist the undersigned in either no longer condoning this behavior or encouraging him to move on to somewhere that it may be welcome. Each of the undersigned is happy to discuss the contents of this letter with anyone.

(Id. p. 2.)  The letter contains approximately a hundred signatures, presumably all RiverBend owners or tenants. (Id. pp. 2-4.)

---

[1] A copy of the letter was filed as an exhibit to the original Complaint and as an exhibit to the Second Amended Complaint. (Doc. #1-1; Doc. #33-1.)  However, because the version attached to the Second Amended Complaint is missing a page, the Court will refer to the version filed with the original Complaint.

The Second Amended Complaint asserts two claims against both Defendants: (1) defamation and (2) defamation per se. (Doc. #33, pp. 6-9.) As relief, plaintiff seeks, *inter alia*, compensatory and punitive damages, as well as injunctive relief. (Id. pp. 8, 9.) The Second Amended Complaint asserts this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Id. ¶ 4.) Defendants now argue that the Second Amended Complaint should be dismissed because plaintiff has failed to join indispensable parties, i.e., the other signatories on the document. (Doc. #35.)

**II.**

Rule 19 of the Federal Rules of Civil Procedure governs joinder of parties in federal court. Rule 19 requires a two-part test for determining whether a party is indispensable.

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003) (citation omitted).

Under Rule 19(a)(1), a person subject to service of process and whose joinder will not deprive the Court of subject matter jurisdiction must be joined as a party if:

**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

3

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

**(i)** as a practical matter impair or impede the person's ability to protect the interest; or

**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); see also Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999) ("A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings."). Here, Defendants have failed to address whether any of the other signatories are subject to service of process or whether their joinder would destroy diversity jurisdiction. Therefore, Defendants have failed to establish the first element of the two-prong test.[2]

Defendants suggest joinder of the other individuals who signed the letter is required under Rule 19(a)(1)(B)(ii). (Doc. #35, p. 3.) Specifically, the motion argues that because plaintiff

---

[2] The Court has no information regarding these individuals besides their signatures. Accordingly, the Court has no way to determine what effect their joinder may have on subject matter jurisdiction in this diversity action.

4

only seeks to enjoin Defendants from republishing the letter, "[d]isposing of this action would leave the existing DEFENDANTS to incurring [sic] inconsistent obligations when the other parties who signed the document are not required the same relief." (Id. pp. 2-3.) The Court disagrees.

Defendants' argument seems to be premised on the misconception that the other individuals who signed the letter have "an interest relating to the subject of the action" under Rule 19(a)(1)(B)(ii). However, that these individuals may be *interested* in how the action turns out does not mean they have a *legal interest* in the action. See Axiom Worldwide, Inc. v. Becerra, 2009 WL 1347398, *4 (M.D. Fla. May 13, 2009) (noting that "Rule 19 requires a legally protected interest"). Even if these other individuals constitute joint tortfeasors, their joinder is still not necessary. See Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); Clay v. AIG Aerospace Ins. Servs., Inc., 61 F. Supp. 3d 1255, 1267 (M.D. Fla. 2014) ("Even in states that have abolished or modified joint and several liability, joint tortfeasors are merely permissive parties."); see also Pujol v. Shearson Am. Express, Inc., 877 F.2d 132, 136 (1st Cir. 1989) ("The mere fact . . . that Party A, in a suit against Party B, intends to introduce

5

evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party.").[3]

Even if Defendants demonstrated the other signatories had an interest in the instant action, they have failed to meet their burden of showing that the failure to join these individuals would leave Defendants subject to inconsistent obligations. See Clay, 61 F. Supp. 3d at 1266 ("The party moving to dismiss an action for failure to join an indispensable party bears the burden of demonstrating by evidence that the absent party is 'required' according to Rule 19(a)." (citation omitted)). The fact that plaintiff seeks to enjoin Defendants but not the other individuals from republicizing the letter does not mean Defendants are at risk of inconsistent obligations. See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1040 (11th Cir. 2014) ("Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." (citation omitted)). Because Defendants have failed to demonstrate that the other signatories

---

[3] A joint tortfeasor will be considered a necessary party "when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" Laker, 182 F.3d at 848 (quoting Haas v. Jefferson Nat'l Bank, 442 F.2d 394, 398 (5th Cir. 1971)). The Court finds such a situation does not apply here, where the allegations in the Second Amended Complaint indicate Defendants authored and published the alleged defamatory letter, and the other individuals merely signed it.

6

should be joined, the motion to dismiss will be denied. See Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 839 (11th Cir. 2017) (affirming denial of joinder under Rule 19(a) where the plaintiff failed to allege anything about the relationship between the defendant and the proposed parties that would prevent the plaintiff from obtaining full relief from the defendant).

In determining whether a party should be joined, pragmatic concerns, including the effect on the parties and the litigation, control, Focus on the Fam., 344 F.3d at 1280 (citations omitted), and the burden is on the movant to show the nature of the unprotected interests of the absent parties, W. Peninsular Title Co. v. Palm Beach Cnty., 41 F.3d 1490, 1492 (11th Cir. 1995) (citation omitted). Defendants have not satisfied these considerations.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to Add Indispensable Parties (Doc. #35) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of July, 2021.

                              _____
                              JOHN E. STEELE
                              SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record