```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANDREW C. MALETTA,

        Plaintiff,

v.                                    Case No:  2:20-cv-1004-JES-KCD

DAVID WOODLE AND FREDERICK
J. LANGDON,

        Defendants.

_____

## OPINION and ORDER

This matter comes before the Court on review of defendants' Motion for Sanctions Under Federal Rule of Civil Procedure 11 (Doc. #115) filed on December 21, 2022.  Plaintiff filed a Response (Doc. #117) on January 11, 2023.  For the reasons set forth below, the motion is denied.

This case involves neighbors who are tenants at the Riverbend Motorcoach Resort (Riverbend) in LaBelle, Florida.  Plaintiff Andrew C. Maletta (Plaintiff) alleges that two of his neighbors at Riverbend, David Woodle (Woodle) and Frederick J. Langdon (Langdon), authored and published a letter about plaintiff entitled "A Cancer on our Resort and the Company you keep" (the Letter), which contained false and defamatory statements.  (Doc. #33, ¶¶ 7-9, 15, 21-23.) Thereafter, Plaintiff initiated this action against defendants Woodle and Langdon (collectively

Defendants), and now asserts two claims against them for defamation (Count I) and defamation per se (Count II). (Doc. #33.)

Defendants move for sanctions under Federal Rule of Civil Procedure 11, arguing that Plaintiff's claims are objectively frivolous because the statements made against Plaintiff are substantially true, and thus the claims should not before the Court. Defendants request that the Court enter sanctions against Plaintiff including granting attorney's fees and cost for defending this matter. (Doc. #115.)

Plaintiff responds that the motion should be denied with prejudice because Plaintiff complied with Rule 11(b), this Court has already ruled on Defendants' motion for summary judgment rendering Defendants' present argument moot, and because the affidavits cited as Defendants' only support have been excluded in a prior motion in limine.[1] (Doc. #117.)

**I.**

**A. Rule 11 Principles**

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party

---

[1] On October 31, 2022, the Court issued an Order granting Plaintiff's motion in limine "to the extent that defendants may not offer the post-defamation affidavits of potential witnesses who do not appear at trial without prior permission of the Court obtained outside the presence of the jury." The motion, however, was denied "to the extent it seeks to preclude defendants or defense witness from referring to declarations other than ones they personally executed." (Doc. #109, p. 2.)

files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (internal quotation marks omitted).

In evaluating Rule 11 sanctions, the Court considers (1) "whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel should have been aware that they were frivolous." Adams v. Austal, U.S.A., L.L.C., 503 F. App'x 699, 703 (11th Cir. 2013). In deciding whether the claims are objectively frivolous, the court must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (internal quotation marks omitted).

**B. Analysis**

Defendants argue that statements made in the Letter are substantively true and that Plaintiff knew this when he filed his Complaint against them. (Doc. #115, p. 4.) Thus, Defendants assert that lawsuit against them is objectively frivolous. The Court disagrees.

As the parties may recall, the Court previously considered Plaintiff's and Defendants' cross-motions for summary judgment,

and in doing so, considered Defendants' contention that the statements made in the Letter are substantially true and that Defendants were therefore entitled to summary judgment as a matter of law. (Doc. #84, p. 7.) Upon reviewing the record evidence, which included Plaintiff's emails and sworn affidavits from some of the members of Riverbend, the Court concluded that "a genuine dispute of fact exists over the substantial truth of the Letter." (Id., p. 8; Docs. ##68, 68-1, 68-2, 68-3.) Defendants, however, rely upon the same evidence to assert that Plaintiff should be sanctioned because he has brought a frivolous case against them. As evidenced by the Court's finding, the case cannot be characterized as frivolous given that "a reasonable jury could find that the statements are not substantially true but instead substantially false." (Doc. #84, p. 8.)

In sum, the Court finds that sanctions are not warranted because there is no evidence showing that Plaintiff's Complaint has no reasonable factual basis or is based upon legal theory that has no reasonable chance of success, or that Plaintiff has filed his Complaint for an improper purpose. See Massengale, 267 F.3d at 1301.

Defendants' motion for sanctions is therefore denied.

Accordingly, it is now

**ORDERED**:

1. Defendants David Woodle and Frederick Langdon's Motion for Sanctions Under Federal Rule of Civil Procedure 11 (Doc. #115) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __31st__ day of January, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record