```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

ANDREW C. MALETTA,

      Plaintiff,

v.                              Case No: 2:20-cv-1004-JES-KCD

DAVID WOODLE and FREDERICK J. LANGDON,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Bill of Costs (Doc. #139) filed on February 20, 2023. Defendants filed a Response and Objection (Doc. #140) on March 3, 2023, and plaintiff filed a Reply (Doc. #141) on March 9, 2023. The objections are sustained in part and overruled in part as set forth below.

**I.**

Plaintiff and his wife filed a Complaint (Doc. #1) against defendants for defamation and defamation per se. An Amended Complaint (Doc. #21) was filed on March 16, 2021. On May 11, 2021, the Court issued an Opinion and Order (Doc. #32) dismissing Counts Three and Four with prejudice, dismissing Count Five without prejudice, and dismissing co-plaintiff Polly Maletta. A Second Amended Complaint (SAC) (Doc. #33) was filed on May 18, 2021 alleging defamation and defamation *per se*. On July 22, 2021,

defendants filed their Answers and Affirmative Defenses. (Docs. ## 45-46.)

On July 19, 2022, the Court issued an Order (Doc. #84) denying cross motions for summary judgment, and the case proceeded to trial on the SAC. Plaintiff asserted that 22 statements in the Letter were defamatory or defamatory *per se*. The Court granted judgment as a matter of law in favor of defendants as to one statement. The jury found 15 of the remaining 21 statements were both false and defamatory. (Doc. #137.) Compensatory damages were awarded in the amount of $138 against each of the defendants, and punitive damages of $138 were awarded against each defendant. (Id.) The jury annotated the Verdict Form to note that the compensatory damages were computed at $1 for each of the 138 persons who had signed the Letter. (Id.) Judgment (Doc. #138) was entered on February 10, 2023.

The Bill of Costs (Doc. #139) seeks a total of $22,544.82 in taxable costs. Defendants object that plaintiff is not entitled to attorney fees, plaintiff is not a prevailing party under Florida law, and the requested costs are disproportional to the nominal damages recovered. Defendants further argue that the Court has the discretion to deny costs entirely based on the nominal damage award, or to drastically reduce costs.

- 2 -

**II.**

Defendants object to an award of attorney fees, asserting that attorney fees are not available under Florida law in a defamation action. (Doc. #140, pp. 2-3.) While this may be so, the Bill of Costs contains no request for attorney fees. Therefore, the objection to attorney fees is overruled as moot.

Defendants also assert that plaintiff is not entitled to an award of costs under Florida law. (Doc. #140, pp. 2-3.) But entitlement to taxable costs in a federal case is controlled by federal law, generally Fed. R. Civ. P. 54, not state law. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987) (federal courts bound by cost limitations set out in 28 U.S.C. § 1821 and § 1920.) This objection is overruled.

Rule 54 provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (citations omitted). Absent explicit statutory or contractual authorization, taxable costs are limited to those allowed by 28 U.S.C. § 1920. Crawford Fitting Co., 482 U.S. at 445.

Defendants assert that the "prevailing party" standard for entitlement to costs is the Florida "significant issues of the entire case" standard. (Doc. #140, p. 3.) Defendants are incorrect. The definition of "prevailing party" has been succinctly stated:

> We can thus distill from the Supreme Court's prevailing party jurisprudence that there are two requirements for a party to reach prevailing party status. First, the party must be awarded some relief on the merits of its claim by the court. [] Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties. []

Royal Palm Properties, LLC v. Pink Palm Properties, LLC, 38 F.4th 1372, 1376 (11th Cir. 2022) (internal citations omitted). Additionally, while only one side can be the prevailing party for purposes of costs, it is not necessary for there to be a prevailing party at all.

> When the resolution of the parties' legal dispute does not result in a material change in their legal relationship, there is, by the Supreme Court's definition, no prevailing party. We therefore now hold that (1) the text of Rule 54(d) does not allow for multiple prevailing parties, and (2) there is not always a prevailing party in every case. Simply put, a district court may find (at most) one prevailing party, but it is not required to do so in every case.

Royal Palm Properties, LLC, 38 F.4th at 1380. An enforceable judgment on the merits creates the "material alteration of the legal relationship of the parties" necessary to permit an award of

attorney's fees and costs.  Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res., 532 U.S. 598, 604 (2001).

Defendants argue that plaintiff is not a prevailing party because he was awarded *de minimis* damages.  Defendants' reliance on Florida law (Doc. #140, pp. 4-6) is misplaced since, as noted above, Florida law does not control the award of costs in a federal case.  Additionally, the Eleventh Circuit has already rejected the argument that a party who only recovers nominal damages cannot be a prevailing party.  Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001).  See also Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1166 (11th Cir. 2017)(citing Lipscher for proposition that established precedent "provides that shifting costs in favor of the prevailing party is appropriate even in the case of a nominal award, so long as the prevailing party 'obtains judgment on even a fraction of the claims advanced.'"); Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995)("Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.")  Here, plaintiff obtained judgment in his favor on 15 of 22 statements that were alleged to have been defamatory.  Despite the nominal damages awarded, plaintiff is clearly the prevailing party within the meaning of Fed. R. Civ. P. 54.

**III.**

Plaintiff requests five categories of costs: (1) Fees of the clerk; (2) Fees for service of summons and subpoenas; (3) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) Fees and disbursements for witnesses; and (5) Fees for exemplification and the costs of making copies of materials where the copies are necessarily obtained for use in the case.  The Court discusses each in turn.

**A.  Fees of the Clerk**

Plaintiff seeks recovery of the $402.00 filing fee.  Taxation of the filing fee is authorized by 28 U.S.C. § 1920(1), and no objection has been lodged by defendants.  Plaintiff may recover his $402.00 filing fee.

**B.  Service Fees for Summons and Subpoenas**

Plaintiff seeks taxation of $1,980.04 for fees for service of summons and subpoenas.  The Court will allow $196.58.

A prevailing party may recover, pursuant to 28 U.S.C. § 1920(1), the costs of service of the summons and complaint, as well as the costs of service of deposition and trial subpoenas, as limited by 28 U.S.C. § 1921.  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).  Under § 1921(b), these service fees may not exceed the amount set by the Attorney General by regulation as fees for service by the U.S. Marshal.  28 C.F.R. § 0.114(a)(3).  The current fee for personal service of process is $65 per hour

for each item served, plus travel costs and other out-of-pocket expenses.  Id.

The service of Summons for Woodle and Langdon will be permitted, but without the additional fees for rush, wait time, or and additional address.  (Doc. #139-1, pp. 7-8.)  Additionally, the Court will allow the cost of service of subpoenas issued for witnesses who testified at trial: Bobby Johnson, Priscilla Harder, Carl Harder, Randy Williams, Robert Ossoff, and Rick Williams. The Court will also allow the cost of subpoenas for Tom Ledin, Roger Dehnart, and Richard Federic, who did not testify but were listed on plaintiff's Witness List (Doc. #93) as potential witnesses.  The Court will not tax the service costs of subpoenas to produce non-deposition discovery, since such fees do not fall under the scope of Section 1920(1).  Therefore, the Court will allow a total of **$196.58** ($110 for service of summons on defendants; $57.72 for service on witnesses who testified; and $28.86 for service on potential witnesses).

**C. Transcripts**

Plaintiff seeks $6,146.50 for the deposition costs of Frederick Langdon (a party), David Woodle (a party), John Shelton, and Brett Barnhart.  The Court will allow costs of $4,131.00.

Under § 1920(2), fees for transcripts "necessarily obtained for use in the case" are taxable.  The "necessarily obtained" component is not an empty requirement.  "Where the deposition

costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (citing Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id., at 620-21 (citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2))). For a deposition of a party, the deposition must have been "reasonably necessary." Id. at 622.

Included in the charges for Merit Court Reporting are the costs of the attendance fee for the reporter, an original and copy of a transcript, video set-up, and an original flash drive of the video. The Court will permit taxation of the attendance fee, the original copy of the transcript, plus one copy, and exhibits. The original flash drive cost will not be permitted as it is not necessary for use in the case, but simply a convenience of counsel and the parties. The Court will also not allow postage and delivery costs. (Doc. #139-1, pp. 89-92.) See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (computerized legal research, postage, parking fees not recoverable).

As to the Lexitas Invoice, the Court will not allow the costs of a condensed transcript, e-bundle, processing, handling, and archiving, but will allow the transcript and attendance fees. (Doc. #139-1, p. 91.)

The following costs will be permitted for a total of **$4,131.00**.

| Frederick Langdon | Attendance Fee, Deposition Transcript & Exhibits | $750.00 |
|---|---|---|
| Jon Shelton | Attendance Fee (half), Transcripts & Exhibits | $1,152.85 |
| David Woodle | Attendance Fee (half), Transcripts & Exhibits | $1,076.65 |
| Brett Barnhart | Transcript, appearance fees | $1,151.50 |
| TOTAL | | $4,131.00 |

**D. Witnesses**

Plaintiff seeks taxation of witness fees in the amount of $3,006.09. The Court allows taxation of $2,880.33.

Witness fess may be taxed as costs under 28 U.S.C. § 1920(3). "In Crawford, the Supreme Court held that, 'when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.'" Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987)). Under 28 U.S.C. § 1821, a witness attending court or a deposition shall be paid an attendance fee of $40 per day,

plus travel to and from the place of attendance and during such attendance.  28 U.S.C. § 1821(b).  A witness who travels by common carrier can be paid actual expenses of travel based on the means of "transportation reasonably utilized and the distance necessarily traveled" to the place of attendance.  28 U.S.C. § 1821(c)(1).  A travel allowance for mileage, toll charges, "normal travel expenses", and a subsistence allowance shall also be paid. 28 U.S.C. § 1821(c)(2)-(4), (d).

Defendants object that Bobby Johnson was not a relevant witness and costs should not be reimbursed.  Further, defendants object to the dinners (and margaritas) and high mileage for the road trip noted on a hand-written note by Mr. Johnson.  (Doc. #139-1, p. 93.)  Counsel's total does not rely on the hand-written note and instead uses standard GSA rates.  The Court will eliminate all expenses for Saturday, February 4, 2023, and will only allow expenses starting the Sunday afternoon before Mr. Johnson's Monday testimony through his testimony.  Based on the U.S. General Services Administration rates for February 2023[1], Mr. Johnson is entitled to meals and incidental expenses totaling $48 for day 1, $64 for each full day thereafter, and $48 for the last day.  Mr. Johnson testified briefly on the morning of February 6, 2023, he was released before 10:30 a.m. on the same day.  (Doc. #132.)  The

---

[1] https://www.gsa.gov/travel-resources.

Court will allow an additional $48 for the 'last day' of travel, February 7, 2023, for a total of **$160**. Lodging in Fort Myers, Florida has a daily rate of $252. The Court will allow up to two nights of lodging for a total of **$504**. Effective January 1, 2023, the rate per mile is $0.655 for use of a privately owned automobile.[2] The total miles from Trussville, Alabama to the Federal Courthouse in Fort Myers is approximately 718 miles one-way. The Court will allow **$940.58** for 1,436 miles roundtrip.

Plaintiff also seeks costs for Randy Williams who flew in from Texas at a ticket price of **$611.75**, supported by a receipt. Mr. Williams testified on February 3, 2023, in the morning. (Doc. #129.) Mr. Williams departed Texas on February 2, 2023, and remained in Fort Myers, Florida until February 7, 2023. Mr. Williams will be granted costs for the first day, one full day, and the last day, along with lodging for two nights. The Court will grant witness costs in the amount of **$2,880.33**.

| Bobby Johnson | Per diem, mileage | $1,604.58 |
| Randy Williams | Per diem, airfare | $1,275.75 |
| TOTAL | | $2,880.33 |

**E. Copy Costs**

Plaintiff seeks $11,010.19 for the cost of making copies which were necessarily obtained for use in the case. Under 1920(4), fees for "exemplification and copies" are permitted if necessary

---

[2] https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates.

for use in the case. The Eleventh Circuit has determined that charts, models as physical exhibits, videotape exhibits, and computer animation are not exemplification within the meaning of the statute and that taxing these would be error. <u>Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.</u>, 249 F.3d 1293, 1297 (11th Cir. 2001). <u>See also</u> <u>Amgen, Inc. v. Apotex Inc.</u>, No. 15-61631-CIV, 2017 WL 11680186, at *7 (S.D. Fla. Jan. 31, 2017), <u>report and recommendation adopted</u>, No. 15-61631-CIV, 2017 WL 11680184 (S.D. Fla. Feb. 15, 2017). "Copies attributable to discovery" are a category of copies recoverable under § 1920(4). <u>U.S. E.E.O.C. v. W&O, Inc.</u>, 213 F.3d 600, 623 (11th Cir. 2000) (citation omitted).

> In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents. [] Similarly, general copying costs without further description are not recoverable. [] The costs associated with copying documents for the purpose of providing them to the court, however, are reimbursable. [] Likewise, a prevailing party may recover costs of copies produced to opposing counsel. [] Thus, a party must demonstrate that copies were necessarily obtained for a reimbursable use in the case.[]

<u>Monelus v. Tocodrian, Inc.</u>, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (internal citations omitted).

Defendants argue "[p]laintiff has not described or categorized its photocopying expenses such that the Court may differentiate between recoverable and nonrecoverable photocopying

costs." (Doc. #140, p. 12.)  Specifically, defendants argue that the spreadsheet includes excess trial notebooks, rush fees, wait fees, quick copy fees, deposition video fees, transcript copy, video fee, with extras.  Defendants argue that $2,000 is for irrelevant material that the Court ruled could not be used at trial.  (Id.)  Defendants also take issue with Bobby Johnson's expenses and plaintiff's hotel fees.  Defendants point out other unsupported expenses and argue that the Bill of Costs is deficient and should be denied entirely.

The Court finds that the "enhancements" of exhibits including video editing are not statutorily recoverable costs.  The Court find that "video preliminary analysis" also does not fall under exemplification.  The listed phone records and attached GLDC Invoices by AT&T lack sufficient information as to how they amount to copying costs.  (Doc. #139-1, pp. 105-107.)  The Court will also eliminate the cost of the USB Flash Drive, fees for assembling and presenting documents, and shipment costs to send documents as these are not copies or an exemplification.  The cost of law notebooks for the convenience of plaintiff will also be eliminated.  The Court will allow a total of **$5,015.18**.

| Costs for motion in limine with exhibits | $22.50 |
| Costs for witness depositions for Shelton, Woodle, and Langdon | $549.03 |
| Costs for exhibits for summary judgment | $93.25 |
| Costs for exhibits to additional filing | $23.15 |
| Defendants' Exhibit Binder | $92.50 |
| Plaintiff's Exhibits for trial | $359.50 |

| Copies of exhibits for jury, defendants, and Court | $1,406.00 |
|---|---|
| Discovery | $2,469.25 |
| TOTAL | $5,015.18 |

Accordingly, it is hereby

**ORDERED**:

Defendants' Objection (Doc. #140) is **sustained in part**. Plaintiff's Bill of Costs (Doc. #139) is **GRANTED in part**. Plaintiff shall submit a revised Bill of Costs consistent with this Order for a total of $12,223.09. The Clerk shall tax costs based on the revised Bill of Costs.

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of March 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record